## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 23-cv-23203-BLOOM/Torres

YEVGENYA AKSYONOV,

      Plaintiff,

v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

      Defendant.

_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon two Motions, Plaintiff Yevgenya Aksyonov's ("Claimant") Motion for Summary Judgment ("Motion"), ECF No. [13], and Defendant Martin O'Malley, Commissioner of the Social Security Administration's ("Commissioner") Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment ("Cross Motion"), ECF No. [14]. Claimant filed a Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment ("Reply"), ECF No. [18]. This Court referred this case to Chief Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation ("R&R") on any dispositive matter. ECF No. [10].

On August 7, 2024, Judge Torres issued his R&R, ECF No. [21], recommending that Claimant's Motion be denied, the Commissioner's Cross Motion be granted, and the decision of the Administrative Law Judge ("ALJ") be affirmed. Claimant timely filed Objections, ECF No. [22]. The Court has conducted a *de novo* review of the R&R and the Objections in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 577 F.3d 1287, 1291 (11th Cir. 2009). The Court has considered the Motions, the R&R, the Objections, the record in this case, the applicable

law, and is otherwise fully advised. For the reasons set forth below, the Court overrules Claimant's Objections and adopts the R&R in full.

## I.   BACKGROUND

### A.   Procedural History

The Court assumes the parties' familiarity with the facts of this case and adopts the procedural history within the R&R. Relevant here, Claimant filed an application for disability on July 2, 2020, with complaints of diabetes mellitus type II, peripheral neuropathy, obesity, cervical spondylosis, and lumbar radiculopathy, which the ALJ determined to be "severe." ECF No. [21] at 2. Claimant's application for disability was also based upon complaints of bilateral carpal tunnel syndrome, osteoarthritis, polycystic ovarian syndrome, generalized anxiety disorder, and major depressive disorder, which the ALJ determined to be "non-severe." *Id*. Ultimately, the ALJ concluded that Claimant's residual functional capacity ("RFC") permitted her to perform her past relevant work as an audit clerk. Based upon this unfavorable decision, Claimant petitioned the Appeals Council. *Id*. On July 27, 2023, Claimant's request for review by the Appeals Council was denied, and on August 22, 2023, she filed her Complaint in this Court. *Id*., ECF No. [1].

### B.   Motions

Claimant moves for judgment in her favor upon three bases: (1) the ALJ did not properly assess the medical opinion evidence; (2) the finding by the ALJ with respect to Claimant's RFC is not supported by substantial evidence; and (3) the ALJ did not properly consider Claimant's subjective accounts of her symptoms and limitations. ECF No. [21] at 2. Conversely, the Commissioner moves for judgment, arguing that the ALJ applied the correct legal standard and substantial evidence supports the ALJ's opinion. *Id*.

### C. R&R

In his R&R, Chief Magistrate Judge Torres begins by pointing out the correct standard of review. Judicial review of an ALJ's final decision is limited to an inquiry determining whether substantial evidence exists in the record to support the ALJ's findings, and whether the proper legal standards were applied. ECF No. [21], at 3, citing 42 U.S.C. § 405(g); *Richardson v. Perales*, 405 U.S. 389, 401 (1971); *Kelley v. Apfel*, 15 F.3d 1211, 1212 (11th Cir. 1999). Pursuant to § 405(g) "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Moreover, "[s]ubstantial evidence is more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*,703 F.2d 1233, 1239 (11th Cir. 1983). "In determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) (citation omitted). "The Secretary's decision is also reviewed to determine whether the correct legal standards were applied." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990)).

Next, Chief Magistrate Judge Torres sets forth the applicable law and legal principles governing eligibility for disability insurance benefits under the Social Security Act:

> A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months."
>
> 42 U.S.C. § 423(d)(1)(A).

"These regulations place [] a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)).

The R&R also analyzes the correct five-step sequential evaluation process for assessing disability. Step one requires a finding by the ALJ to determine whether a claimant is presently employed. If the claimant is employed, the inquiry ends, and a finding of non-disability is made. 20 C.F.R. § 404.1520b. Step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments; the inquiry ends if no such fining is made. § 404.1520(c). At step three, the ALJ compares the claimant's impairments as provided in the regulations which require the finding of presumed disability, and benefits are thereafter awarded. 20 C.F.R. § 404.152(d). Step four requires the ALJ to determine whether the impairments prevent the claimant from performing past relevant work. If the claimant cannot perform past relevant work, then a *prima facie* case of disability is established. An ALJ must assess a claimant's RFC prior to this step, based on the other relevant evidence, to determine the extent of a claimant's ability to work despite the alleged impairments. § 416.945(a)(1). The RFC assessment is "an administrative finding of fact." SSR 96-8p, n.4. Finally, at step five, the burden shifts to the Commissioner to show the existence of other work available in the national economy that the claimant can perform based upon the determined RFC, work experience, education, and age. § 404.1520(e)-(f).

### i. Opinion Evidence of Dr. Susan Lurie

Judge Torres first addresses Claimant's argument that the ALJ inadequately assessed Dr. Lurie's opinion before finding it to be unpersuasive. ECF No. [21] at 7. Claimant contends the ALJ's reliance on inconsistences within Dr. Lurie's opinion was in error, and Dr. Lurie's notes describing Claimant's depression and anxiety as "mild" and then "severe" was not inconsistent, instead, it demonstrated Claimant's condition worsened over time. *Id*. Claimant asserts the ALJ improperly construed Dr. Lurie's notes indicating that Claimant's conditions were getting "better"

to mean her conditions became "mild or dissipated." *Id*. Finally, Claimant reasons the ALJ's finding that Dr. Lurie was not a specialist should not have been relevant to the ALJ's analysis. *Id*.

The Commissioner responds that "a litany of evidence" undermined the persuasiveness of Dr. Lurie's opinion. *Id*. at 7; *see* ECF No. [14] at 6. The Commissioner also points out that Dr. Lurie's assessment that Claimant demonstrated normal memory and full orientation was corroborated by Claimant's own neurologist, Dr. Gedblum. *Id*.

In the R&R, Judge Torres agrees with the Commissioner and accurately observes that when "the ALJ reasonably weighs a medical opinion against the other evidence of record and draws a reasonable conclusion that the opinion is not persuasive, it is not proper for this Court to re-weigh the evidence or substitute its judgment for that of the ALJ." ECF No. [21] at 9 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Judge Torres correctly points out a reviewing court must "'scrutinize the record as a whole [and even] if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence.'" *Bloodsworth*, 703 F.2d at 1239; *see also Rodriguez v. Comm'r of Soc. Sec*., No. 6:20-CV-1674-MRM, 2022 WL 807443, at *7 (M.D. Fla. Mar. 17, 2022) (finding no error in the ALJ's determination of persuasiveness where the ALJ relied upon "'the medical record[s] documenting largely normal and stable physical functioning [] effective treatment'").

The R&R explains that the ALJ properly engaged with the opinions of Dr. Lurie but found them unpersuasive. ECF No. [21] at 8. Dr. Lurie's analysis found Claimant's depression and anxiety were "mild" until they began to worsen in late 2021, but upon taking the maximum dosage of the drug, Sertraline, Claimant's impairments improved. *Id*. That improvement was supported by the analysis provided by neurologist Dr. Jonathan Cross with whom Claimant consulted, and who also determined that Claimant's use of Sertraline was effective. ECF No. [8] at 18-19. The

R&R also points out that, although Dr. Lurie suggested Claimant seek treatment with a psychologist and psychiatrist during this period, and Dr. Lurie's notes indicate that Claimant was seeking this help weekly, Claimant denied ever seeing a psychologist and there was an absence of treatment notes at her disability hearing. ECF No. [21] at 8.

The ALJ also relied upon Dr. Cross's opinion that "Claimant's mental status examinations were 'overwhelmingly normal'" and agency reviews finding Claimant's mental impairments were not severe. *Id*. (citing ECF No. [8] at 19). Judge Torres points out that the ALJ supported this finding with Claimant's paragraph B criteria, providing an analysis of her four broad functional areas. *Id*. That evidence provided support that Claimant has "normal comprehension, normal attention span and concentration, and a normal ability to adapt and manager herself," supporting the ALJ's conclusion that Claimant's "mental limitations ranged from non-existent to mild." *Id*. at 9.

Accordingly, the R&R found that the ALJ properly considered the opinion of Dr. Lurie, and that the ALJ's ultimate determination that Dr. Lurie's opinion was unpersuasive was supported by substantial evidence in the record. *Id*. at 9.

### ii. Medical Opinion Evidence of State Agency Reviews

Next, Judge Torres considers Claimant's argument that the ALJ's determination that the state agency reviews were persuasive was an "impermissible conclusory statement" lacking rationale for such determination. ECF No. [21] at 10. Claimant argues the ALJ did not explain why those opinions were consistent with the medical records presented as required, and by only summarizing the state agency opinions, the ALJ failed to engage in the "supportability" analysis. *Id*. The Commissioner responds that the ALJ's decision was adequate as the supportability and consistency analysis of the state agency reviews was sufficiently considered against the record in its entirety. *Id*.

Judge Torres agrees with Claimant that the ALJ only provided a conclusory analysis of the state agency reviews. *Id*. In the R&R, Judge Torres observes that, in step three, the ALJ explained both the medical evidence and other medical opinions in the record and concluded "'[t]he opinions of the DDS psychological advisors are persuasive as they are consistent with the records of Drs. Lurie and Cross." ECF No. [8] at 19. Judge Torres determined that this was not a meaningful effort to explain the decision or instruct what evidence supported it. However, Judge Torres found that this error was harmless given the substantial evidence already in the record to otherwise support the ALJ's decision, and a more fulsome analysis would not have "contradicte[d] the ALJ's ultimate findings." ECF No. [21] at 12 (quoting *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) ("When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.")); *see also Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793, nn. 1-2 (11th Cir. 2019) (noting that "[i]f the ALJ commits an error that does not affect the outcome, it's harmless and doesn't require reversal or remand" and concluding that an error by the ALJ to fail to consider a piece of evidence in discounting a medical opinion was harmless, because the ALJ relied on "other reasons — all supported by substantial evidence — for discounting" that medical opinion).

Here, the R&R points to the "litany" of substantial evidence in the record supporting the ALJ's conclusion that Claimant's mental impairments were "non-severe" such as: evidence treatments were successful and helping to improve Claimant's condition; a neurologists opinion that the treatment was effective; evidence Claimant did not seek the help of a psychologist despite her physician's recommendation; the "overwhelmingly normal" results of Claimants' mental status exams; and the analysis of Claimant's "four broad functional areas which supported a

finding of non-severe impairment." ECF No. [21] at 11. Furthermore, Judge Torres found reliance on the state agency reviews was limited within the ALJ's analysis, while substantial evidence exists supporting the ALJ's conclusion that Claimant's mental impairments "ranged from nonexistent to minor." *Id*. For this reason, Judge Torres found a more complete analysis would not have affected the ALJ's unfavorable decision. Rather, that analysis would have been cumulative and only provided further support for the ALJ's decision based on the substantial evidence already presented. *Id*.

The R&R concludes that the ALJ's error with respect to her analysis of the state agency reviews was harmless.

### iii. ALJ's RFC Analysis

The R&R analyzes Claimant's argument that the ALJ's failure to include Claimant's non-severe mental impairments as part of the RFC analysis was error. ECF No. [21] at 13. The Commissioner responds there is no requirement that the ALJ include "mild" limitations as part of the RFC, thus no error was committed. *Id*.

The R&R agrees with the Commissioner. At step two of the sequential evaluation process, Claimant's mental limitations based on the four broad functional areas, the paragraph B criteria, ranged between "no limitation" to "mild limitation," which is a legally significant conclusion. *Id*. As Judge Torres observes, in the Eleventh Circuit, when the ALJ has meaningfully and sufficiently determined a claimant's mental limitations are not "more than a minimal limitation in the claimant's ability to do basic work activities [the ALJ is] not required to continue his assessment of [the claimant's] mental impairments after that point." *Garcia v. Comm'r, Soc. Sec. Admin.*, No. 23-11184, 2023 WL 7404856, at \*5 (11th Cir. 2023). Specifically, *Garcia* held that an ALJ is not required to incorporate mental impairments determined to only be mild, instead of moderate, at step two of the sequential evaluation process into the ALJ's RFC. *Id*.; *see also Williams v. Soc.*

*Sec. Admin*, 661 F. App'x 977, 980 (11th Cir. 2016) (omitting a claimant's depression causing no more than mild limitations from the RFC assessment is not error on the part of the ALJ). The R&R then cites to various cases from within this District holding the same. *See Chestang v. Comm'r of Soc. Sec.*, No. 8:21-CV-482-MRM, 2022 WL 4354849, at *8 (M.D. Fla. Sept. 20, 2022); *see also Eutsay v. Kijakazi*, No. 21-21164-CV, 2022 WL 1609088, at *9 (S.D. Fla. May 4, 2022), *report and recommendation adopted sub nom.*, 2022 WL 1605318 (S.D. Fla. May 20, 2022) ("Based on his analysis of these four broad functional areas, ALJ Burock determined at steps two and three of the sequential evaluation process that Claimant's medically determinable mental impairments did not limit Claimant's ability to perform basic work activities, thus, her mental impairments were non-severe. Thus, ALJ Burock was not obligated to include mental limitations in his RFC finding of Claimant.").

The R&R finds the ALJ did not commit reversible error to the extent she did not explicitly incorporate Claimant's mild mental limitations into the RFC portion of the analysis.

### iv.  Claimant's Allegations of Pain

Finally, the R&R addresses Claimant's argument that the ALJ failed to consider her subjective allegations of pain and disagrees with the ALJ's assessment that her "self-reported disabilities" were inconsistent with medical and other evidence in the record. ECF No. [21] at 15.[1]

The R&R finds the ALJ sufficiently relied on "the whole record, including hearing testimony, the reports of numerous medical professionals, [Claimant's] representations, and other presented evidence." *Id*. In doing so, the ALJ's finding that Claimant was not entitled to relief was

---

[1] The R&R did not analyze the Commissioner's Response, which argued that Claimant's briefing on this issue was "boilerplate" and failed to cite any portion of the ALJ's decision that was defective. ECF No. [14] at 8. The Commissioner reasons that failure to cite to the evidence and make a specific argument warrants rejection. *Id*. The Commissioner contends the ALJ cited to numerous records which showed Claimant had a normal mental status, and thus there is more than a scintilla of evidence as required to satisfy the applicable standard of review and uphold the ALJ's decision. *Id*. at 9.

supported by substantial evidence. *Id*. at 15. The R&R accurately observes that, consistent with prevailing caselaw, the ALJ did not commit error when she was unconvinced by Claimant's subjective allegations with respect to her disability and reached her unfavorable decision. *Id*., citing *Dyer v. Barnhardt*, 395 F.3d 1206, 1212 (11th Cir. 2005) (when an ALJ adequately explains his or her reasons for finding a claimant's subjective complaints are inconsistent with the testimony and the medical record it is "reversible error for the district court to hold otherwise."); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) (finding "the ALJ made a reasonable decision to reject [the claimant's] subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so.").

### D.  Objections

Claimant objects to the R&R and argues Judge Torres erred by (1) failing to properly address the opinion evidence of the state agency psychological reviewing consultants; (2) failing the properly address the opinion evidence of Dr. Susan Lurie; (3) finding the ALJ's RFC was supported by substantial evidence; and (4) failing to properly assess Claimant's subjective account of her symptoms and limitations. ECF No. [22].

## II.   LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see*

*also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir.2005)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

Furthermore, "[i]t is improper for an objecting party to. . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

## III.   DISCUSSION

### A.  Evaluation of Medical Opinion Evidence

#### i.   State Agency Reviews

Claimant objects to the R&R's conclusion that although "the ALJ's analysis of the state agency reviews was indeed conclusory. . . that error was harmless because substantial evidence in the record still existed to support the ALJ's unfavorable decision." ECF No. [22] at 3. Instead, Claimant objects that this error is "problematic" as the state agency psychologists' opinions were "readily 'inconsistent' with some significant aspects of Dr. Lurie's notes and opinions." *Id*. at 3. Claimant contends it was not possible for the state agency reviews to be consistent with Dr. Lurie's opinion reflecting a "worsening" of the impairments in late 2021 as the state agency opinions were rendered in November 2020 and May 2021, an argument not addressed in the R&R. Finally, Claimant objects that the state agency psychological consultants found mild limitations within all

four broad functional areas of the Claimant's paragraph B criteria domains[2], while the ALJ found mild limitations in only three of the four domains. Thus, the state agency reviews could not have been "merely [] cumulative to the substantial evidence already presented." *Id*. at 4.

The Court agrees with the R&R that the ALJ's failure to provide an explanation as to why the state agency reviews were consistent with the records of Dr. Lurie and Dr. Cross was harmless. As Judge Torres accurately observes, when "an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." *Denomme v. Comm'r, Soc. Sec. Admin*., 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)); *see also Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793 (11th Cir. 2019) (noting that "[i]f the ALJ commits an error that does not affect the outcome, it's harmless and doesn't require reversal or remand"). Claimant does not address the harmless error analysis or provide pertinent caselaw to support her argument. Accordingly, the Court affirms the R&R's finding that the ALJ's analysis of the state agency reviews was harmless. Claimant's objection is overruled on this point.

Regarding Claimant's argument that the state agency reviews could not be consistent with Dr. Lurie, given the "worsening" of Claimant's impairments noted Dr. Lurie by late 2021, is disputed by the record. Dr. Lurie's opinion was that Claimant's impairments were "mild" until late 2021. As Claimant concedes, the state agency reviews were rendered in November 2020, and May 2021, and therefore the state agency reviews are consistent with Dr. Lurie's then "mild" findings at those times. ECF No. [22] at 3. Regarding the opinion by Dr. Lurie in late 2021, the

---

[2] Section 12.00(2)(b) Mental Disorders – Adult: Paragraph B of each listing (except 12.05) provides the functional criteria we assess, in conjunction with a rating scale (*see* 12.00E and 12.00F), to evaluate how your mental disorder limits your functioning. These criteria represent the areas of mental functioning a person uses in a work setting. They are: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself.

R&R identifies relevant inconsistencies with respect to her "worsening" phase in late 2021: (1) during this time, Dr. Lurie noted Claimant was seeing a psychologist upon her suggestion, but Claimant at her disability hearing denied ever seeing a psychologist; and (2) the use of the drug, Sertraline, helped to improve Claimant's impairments. ECF No. [21] at 8. Thus, when the ALJ found the state agency reviews consistent with Dr. Lurie's otherwise mild findings prior to late 2021, and substantial evidence exists in the record lending further support to the ALJ's decision, the determination must be affirmed. A court is not to "reweigh the evidence" or "decide the facts anew" when reviewing findings based on substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). Instead, "[i]n determining whether substantial evidence supports a decision we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015).

Finally, the R&R found that the ALJ supplemented her findings that Claimant's mental impairments were not severe through an analysis of the paragraph B criteria, which provides criteria and a rating scale to determine limitations on mental functioning. ECF No. [21] at 8; *see* § 1202.b. The R&R highlighted the ALJ's conclusion that Claimant's "mental limitations ranged from non-existent to mild." *Id*. at 9. Specifically, the ALJ determined Claimant had no limitation with respect to the first functional area, "understanding, remembering, or applying information," and "mild limitations" to the second, third, and fourth functional areas. ECF No. [8] at 19. Claimant argues that the ALJ found mild limitations in only three of the four broad functional areas of the paragraph B criteria, while the state agency reviews found mild limitations in all four. Thus, Claimant objects that the lack the distinction between a finding of "non-existent" limitation versus a "mild" limitation within the paragraph B criteria is fatal. ECF No. [22] at 4.

Claimant's argument is without merit. "To satisfy the paragraph B criteria, your mental disorder must result in 'extreme' limitation of one, or "marked" limitation of two, of the four areas of mental functioning." § 12.02(b); § 42:145. At most, Claimant argues there was a fourth criteria domain assessed as "mild" instead of "non-existent." However, that is not enough. If there is only one disputed criteria domain for a claimant's broad functional areas under § 12.02(b), it must be an extreme limitation, not mild, to find a mental disorder through the paragraph B criteria that may have resulted in a different outcome. *Id.* Accordingly, Claimant's argument is unpersuasive, and her objection with respect to the state agency review is overruled.

### ii.  Dr. Susan Lurie

Claimant raises several objections to the R&R's finding that Dr. Lurie's opinion is unpersuasive. Claimant's multiple objections include: the ALJ completely disregarded Dr. Lurie's opinion by not finding Claimant to have "moderate" mental limitations; the conclusion that Dr. Lurie is not qualified to provide opinions on the severity of Claimant's mental impairments because she is not a psychiatrist is erroneous; that Claimant was "better" upon taking the drug Sertraline did not mean the impairments were "absent or mild"; a stable condition in not a judgment on severity of a condition; an effective medication "does not mean an individual has been cured"; mental status exams were "Neurological Exams" that did not include "mood" or "affect" and therefore insufficient; and Claimant's testimony was inconsistent with Dr. Lurie's opinions. ECF No. [22] at 5-9.

Claimant provides a legal basis for her argument with respect to Dr. Lurie not being a medical specialist. Pursuant to 20 C.F.R. § 404.1520c(b)(3), "when two or more medical opinions or prior administrative medical findings are equal in supportability and consistency 'but are not exactly the same'" the ALJ was required to "articulate the other most persuasive factors." (citing 20 C.F.R. § 416.1920c(b)(3)). Claimant argues that § 404.1520c(b)(3) supports her objection to

the ALJ's critique that Dr. Lurie is Claimant's primary care physician, not a psychiatrist or psychologist. ECF No. [22] at 7.

However, Claimant's argument is unavailing. The purpose of 20 C.F.R. § 404.1520c(b)(3) is to avoid deference to an existing treating physician.[3] As the Eleventh Circuit held in *Harner v. Soc. Sec. Admin., Comm'r*, 38 F. 4th 892 (11th Cir. 2022), prior to "the promulgation of section 404.1520c, administrative law judges were instructed to defer to the medical opinions of a social security claimant's treating physicians. In 2017, the Commissioner eliminated the treating-physician rule" through this regulation *Id.* at 896-97. Dr. Lurie is Claimant's treating physician and the ALJ found her opinion unpersuasive with respect to Claimant's mental impairments based upon an analysis of the record Dr. Lurie provided, fully independent of the state agency psychologist reviews. ECF No. [8] at 18.

Claimant contends a similar critique of the state agency psychologist's opinions is warranted "because they don't even have medical licenses or the authority to prescribe psychotropic medication." ECF No. [22] at 7. However, Claimant concedes the state reviewers are psychologists, and pursuant to § 404.1520c(c)(4), medical specialization *is* a relevant factor when considering medical opinions.[4] *Id.* The regulation explicitly states that the medical opinion of a specialist may be more persuasive than that of a medical source who is not. Thus, whether Dr. Lurie is specialized is relevant and the ALJ did not err in mentioning it. Moreover,

---

[3] We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. § 404.1520c(a).

[4] § 404.1520c(c) Factors. We will consider the following factors when we consider the medical opinion(s) and prior administrative medical finding(s) in your case: (4) *Specialization*. The medical opinion or prior administrative medical finding of a medical source who has received advanced education and training to become a specialist may be more persuasive about medical issues related to his or her area of specialty than the medical opinion or prior administrative medical finding of a medical source who is not a specialist in the relevant area of specialty.

§ 404.1520c(b)(3) does not disturb Judge Torres' finding that the ALJ properly engaged with Dr. Lurie's opinion before finding it unpersuasive, and the comment that Dr. Lurie was not a specialist does not warrant remand.

Finally, with respect to the other aspects of the ALJ's decision regarding Dr. Lurie, Claimant's various objections are set forth without legal authority, failing to provide "the specific basis for [her] objections and supporting legal authority" as required by the local rules. S.D. Fla. L. Mag. J.R. 4(b) ("Any party may object to a Magistrate Judge's proposed findings, recommendations or report. . . . Such a party shall file with the Clerk of the Court. . . written objections which shall specifically identify the portions of the proposed findings, recommendation or report to which objection is made, the specific basis for such objections, and supporting legal authority."). Claimant's unsupported assertions fail to provide legal authority and is a sufficient basis to overrule the objections. *See Harner*, 38 F.4th at 899 ("An appellant forfeits an issue when she 'raises it in a perfunctory manner without supporting arguments and authority.'" (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014))).

Moreover, "[i]t is improper for an objecting party to. . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quotation omitted). Claimant's objections rehashes arguments set forth in her motion for summary judgement. *See* ECF No. [13] at 11-13. This deficiency provides an independent basis for overruling the objections.

Accordingly, with respect to the ALJ's determination that Dr. Lurie's opinions were unpersuasive, and each of the other objections asserted that relate to this finding, the Court is

unpersuaded.

### B.  ALJ's Determination of Claimant's RFC

Claimant argues the R&R errs in concluding (1) the ALJ did not "reasonably reflect" Claimant's mental impairments within the RFC analysis; (2) Judge Torres' reliance on case law is flawed as all cases cited pre-date a more recent decision by the Eleventh Circuit in *Arce v. Comm'r of Soc. Sec.*, 2024 WL 36061 (11th Cir. 2024), issued on January 3, 20204, and *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245 (11th Cir. 2019); and (3) the Magistrate Judge failed to address how this case is distinguishable from *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011). ECF No. [22] at 10-13.

First, with respect to Claimant's argument that the RFC finding does not reasonably reflect her physical and mental impairments, Claimant concedes that the ALJ concluded her four broad functional areas, as determined by the paragraph B criteria, resulted in one with "no limitation" and three with "mild limitations."[5] ECF No. [22] at 10. However, Claimant is correct that the R&R did not address her arguments pertaining to *Arce*, *Schink*, and *Winschel*. Nevertheless, upon a *de novo* review, the Court agrees that the ALJ's step two analysis that Claimant's mental limitations ranged from "no limitation" to "mild limitation" is legally significant. As such, reliance on *Garcia v. Comm'r of Soc. Sec. Admin.*, No. 23-11184, 2023 WL 7404856 (11th Cir. 2023) is proper, and Claimant's case law is distinguishable.

In *Garcia*, which predates *Arc* by less than two months, the claimant appealed the district court's order affirming denial of disability benefits. 2023WL 7404856, at *1. On appeal, the Eleventh Circuit found that substantial evidence supported the ALJ's conclusion that Garcia's

---

[5] Claimant's paragraph B determinations are: first domain "no limitation" in understanding, remembering, or applying information; second domain "mild limitation" in interacting with others; third domain "mild limitation" in concentrating, persisting, or maintaining pace; and fourth domain "mild limitation" in adapting or managing oneself. ECF No. [22] at 10 (citing Tr. 14); *See* ECF No. [8] at 19.

mental impairments were not severe and caused "no more than mild limitations in *any* of the functional areas." *Id*. (emphasis added). The Eleventh Circuit determined "the ALJ was not required to continue his assessment of Garcia's mental impairments after that point." *Id*. at 5. Nevertheless, the ALJ did so "to make absolutely clear that he did consider Garcia's mental condition in creating his RFC." *Id*. (citing 20 C.F.R. § 416.920(a)(4)).

As the record makes clear, Claimant either had no limitations or mild limitations in step two. As *Garcia* determined, "the ALJ was not required to incorporate Garcia's mental impairments. . . in the rest of his RFC assessment because he found any impairments to be only mild, not moderate." *Id*., citing *Winschel*, 631 F.3d at 1181. The court found the record evidence supported the ALJ's RFC determination. ("Thus, the evidence in the record supports the ALJ's finding that Garcia's mental impairments were nonsevere and did not cause more than a minimal limitation in [his] ability to perform basic mental work.") *Id*. at *6. Although *Garcia* held the ALJ "did not err in failing to include a mental limitation when forming his RFC," the *Garcia* decision pointed out that the ALJ did consider the claimant's condition when forming his RFC analysis. *Id*. at *5.

*Garcia* was decided on November 9, 2023. *Id*. Approximately two months later, on January 3, 2024, the Eleventh Circuit decided *Arce*, which Claimant avers "may differ ever so slightly in form" but nevertheless, supports remand of this case.  In *Arce*, which is an unpublished opinion, the district court affirmed denial of the claimant's disability insurance benefits. On appeal, the Eleventh Circuit vacated the district court's order and remanded the case to the Commissioner for further proceedings. 2024 WL 36061, at *3. The *Arce* court held that "[c]onsideration of all impairments — severe and non-severe — is required when assessing a claimant's RFC." *Id.* at 2 (citing *Schink*, 935 F.3d at 1268). In *Arce*, the ALJ determined the claimant's mental impairments at step two of the sequential process were "mild." 2024 WL 36061, at *2. Unlike *Garcia*, remand

to the Commissioner was necessary because "her RFC assessment at step [four] apparently was *limited* to Arce's physical abilities and impairments and erroneously *omitted* considering her mental ones." *Id*. (emphasis added). The Eleventh Circuit remanded the case so that the ALJ could consider how the claimant's "non-severe mental limitations affected her RFC." *Id. Arce* is distinguishable given the remand was due to the omission of *any* discussion of the claimant's non-severe mental impairments.

As Claimant maintains, *Arce* relied upon *Schink.* In *Schink*, while the ALJ indicated that all symptoms were considered in assessing the claimant's RFC, "the decision only mentioned that the claimant had bipolar disorder without discussing how that disorder affected the RFC, and the ALJ's findings only addressed physical capacities." 2024 WL 36061, at *2 (citing *Schink*, 935 F.3d at 1269); *Id*. n. 1 ("here, as in *Schink*, the content of the ALJ's decision with respect to the RFC only indicated consideration of Arce's physical limitations.").

*Schink,* a published opinion, is distinguishable as the Eleventh Circuit found the ALJ's determination that the claimant's bipolar disorder was "non-severe" at step two was erroneous and "not substantially supported by the evidence." 935 F.3d at 1266. Instead, "the more detailed medical evidence point[s] to the same conclusion: that his mental-health condition constitutes a severe impairment." *Id*. at 1266. ("Schink's mental-health issues were serious enough that he was referred to and saw various mental-health professionals over a period of years. Every doctor who saw Schink diagnosed him with bipolar disorder or a comparable personality disorder and opined that it *significantly* affected his mood, affect, and ability to interact with others. No state doctor disputed this diagnosis."). *Id*. at 1265 (emphasis added). The Eleventh Circuit found the substantial evidence in *Schink* did not support the ALJ's finding that Schink's mental impairments were non-severe [or] so slight and trivial that they would produce minimal effects on Schink's ability to

work." *Id*. at 1268.  The court observed that "most of the references to Schink's bipolar disorder in the RFC section are purely biographical or occur within summaries of medical examinations relating to Schink's physical conditions." 935 F.3d at 1269. The Eleventh Circuit found the failure was complete as "the ALJ's ultimate conclusions as to RFC do not include even a single finding about Schink's mental capacities. Instead, the ALJ's findings concern Schink's physical capacities exclusively." *Id*.

In contrast, the Court does not find similar errors with respect to the determination of Claimant's non-existent to mild mental impairments at step two, nor is there an argument that Claimant's impairments are severe. Finally, the ALJ did not fail to consider Claimant's mental impairments in the RFC analysis, as was found in *Schink* and *Arce*. As Claimant concedes, the ALJ did discuss Claimant's mental impairments, her testimony, and her antidepressant prescription within the RFC analysis. ECF No. [22] at 11 (citing ECF No. [14] at 8 (Tr. 16-17)).

Claimant also urges this Court to find "no material difference" in the RFC analyses in this matter and *Arce* and *Schink* and has filed redacted copies of the ALJ reports in *Arce* and *Schink* for support. ECF No. [22] at 12. However, a review of those filings establishes that the RFC analysis here sufficiently considered Claimant's mental impairments, distinguishing this case from *Arce* and *Schink*. Here, the ALJ noted that Claimant planned on leaving her prior employment in part due to depression and anxiety, but "made several inconsistent statements to her treating sources and in her testimony." ECF No. [8] at 21. The mental impairments were included in the analysis that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id*. Moreover, the ALJ considered the effect of treatment she was undergoing for her mental impairments conducted by Dr. Cross, who "noted that the claimant had had slight

improvement with nortriptyline with titration to 30mg at bedtime, but had only been on it for two weeks, and was limited in further titration as she had been on sertraline for quite some time for depression, which had been effective[6]." *Id*. at 22. Such considerations by the ALJ are absent in *Arce* and *Schink*.

The Court therefore finds the ALJ sufficiently considered Claimant's mild medically determinable mental impairments in her RFC analysis, in a manner distinguishable from *Arce* and *Schink*, and in accordance with prevailing case law. Even if *Arce* was analogous, *Arce* is an unpublished opinion and does not require rejection of *Garcia* nor the cases relied upon in the R&R. *See U.S. v. Greene*, 873 F.3d 846, 859 (11th Cir. 2017) ("Non-published opinions, however, do not constitute precedent.") (citing *United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013)); *see also* 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Claimant's reliance on *Winschel* does not disturb the Court's conclusion either. *Winschel* held that a vocational expert's testimony is not substantial evidence if the ALJ failed to include or imply an account of all of the claimant's impairments when asking the vocational expert a hypothetical question. 631 F.3d at 1181. That decision did not involve the degree that non-severe and non-existent mental impairments must be considered by an ALJ in her RFC analysis.

---

[6] The Court also notes the analysis provided by the ALJ satisfies SSR 96-8p. The Eleventh Circuit has held "Social Security rulings are binding on the SSA. While they do not bind us, we afford them deference." *Weidlich v. Comm'r of Soc. Sec*., 2023 WL 8015753, n.3 (11th Cir. 2023) (citing *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1324 n.12 (11th Cir. 2020)). Claimant cites to this policy interpretation ruling in her objection that the ALJ must consider limitations imposed by all of Claimant's mental impairments. *See* ECF No. [22] at 14. For the reasons discussed, the Court is satisfied with the ALJ's analysis and consideration of Claimant's mental impairments in the RFC analysis and is unpersuaded by Claimant's objections regarding the RFC. SSR 96-8p does not impact that conclusion.

Moreover, *Winschel* is distinguishable as the mental impairments in that case caused "moderate limitations," a more significant level of impairment than Claimant's whose limitations were determined to be "non-existent" to "mild."

Regarding Claimant's argument that *Winschel* was not distinguished within the R&R, the Court notes that the case law relied upon by Judge Torres clearly did so. *See Garcia*, 2023 WL 7404856 at *5 ("the ALJ was not required to incorporate Garcia's mental impairments that he determined at step two in the rest of his RFC assessment because he found any impairments to be only mild, not moderate." (citing *Winschel*, 631 F.3d at 1181)).

Courts in this district have similarly distinguished *Winschel* when reviewing an RFC analysis constrained to 'mild" limitations.

> To be sure, had the ALJ assessed even "moderate" limitations when evaluating any of the "paragraph B" criteria, she may have had to incorporate some mental-related limitations into Plaintiff's RFC or at least be more explicit about why she did not do so. *Cf. Buckwalter*, 5 F.4th at 1325 ("[T]hough the analysis at steps two and three is less detailed, an ALJ is still required to account for a claimant's *moderate* limitation in the area of concentration, persistence, or pace in a hypothetical posed to the VE." (citing *Winschel*, 631 F.3d at 1180-81) (emphasis added)). But given that the ALJ assessed no more than "mild" limitations and that the ALJ's decision shows that she did consider and discuss Plaintiff's mental impairments and medical condition as a whole when formulating Plaintiff's RFC, the ALJ did not err."
>
> *Decaso v. Kijakazi,* Case No. 22-CV-60814-RUIZ/Strauss, 2022 WL 18395634 (S.D. Fla. Dec. 30, 2022), *report and recommendation adopted sub nom.* 2023 WL 315852 (S.D. Fla. Jan. 18, 2023)

Accordingly, the Court finds Claimant's reliance on *Arce* and *Schink* is unavailing as the underlying facts in those cases are distinguishable, and the ALJ sufficiently considered Claimant's medically determinable mental impairments supported by the substantial evidence in the record. Moreover, *Winschel* is factually distinguishable from the instant case and does not support Claimant's argument. Judge Torres' reliance on *Garcia* and cases predating *Arce* in the R&R*,* is

well-reasoned, the ALJ did not commit reversible error, and Claimant's objections are overruled with respect to the RFC analysis.

### C. Claimant's Subjective Account

Claimant objects that her symptoms and limitations have been "remarkably consistent with the medical evidence of record" and her testimony and should not have been discounted by the ALJ. ECF No. [22] at 14.

Claimant has failed to provide "the specific basis for [her] objections and supporting legal authority" for support as required by the Local Rules. S.D. Fla. L. Mag. J.R. 4(b) ("Any party may object to a Magistrate Judge's proposed findings, recommendations or report. . . . Such a party shall file with the Clerk of the Court . . . written objections which shall specifically identify the portions of the proposed findings, recommendation or report to which objection is made, the specific basis for such objections, and supporting legal authority."). Claimant's unsupported assertions fail to provide a specific reference to the record or legal authority on this issue. Therefore, Claimant failed to provide a basis for sustaining an objection to this portion of the R&R. Moreover, the Court has considered the record, including Claimant's testimony, and finds that it was properly weighed with the other evidence by the ALJ. Accordingly, the objection is overruled.

### IV.   CONCLUSION

It is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [21]**, is **ADOPTED**.

2. Claimant's Motion for Summary Judgment**, ECF No. [13]** is **DENIED**.

3. The Commissioner's Motion for Summary Judgment, **ECF No. [14]** is **GRANTED**.

4. Claimant's Objections, **ECF No. [22]** are **OVERRULED**.

5. The Commissioner's decision is **AFFIRMED**.

6. The Clerk of Court shall **CLOSE** this case.

Case No. 23-cv-23203-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 17, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

24